UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON KIRSH, <br><br> Plaintiff, <br><br> v. <br><br> BEN AND ROB GLEASON, <br><br> Defendant. | CASE NO. C15-5831 RJB <br><br> ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE |

This matter comes before the court on Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 5), "Motion for Memo Rights" (Dkt. 11), Application for Court-Appointed Counsel (Dkt. 12) and on review of the proposed Complaint (Dkt. 5-1). The Court has considered the motions, relevant record and the remainder of the file herein.

On November 17, 2015, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1. Plaintiff was informed by the Clerk of the Court that his IFP application was incomplete, and he was given an opportunity to file an amended application. On December 2, 2015, Plaintiff filed an amended application. Dkt. 5.

After review of the proposed complaint, the undersigned issued an Order to Show Cause giving Plaintiff an opportunity to show cause in writing, if any he has, why this Court should not dismiss this case for lack of subject matter jurisdiction on or before December 17, 2015. Dkt. 7. Plaintiff was informed that failure to do so may result in dismissal of the case without prejudice. *Id.* Plaintiff filed a Notice of Change of Address on December 14, 2015. Dkt. 8. The Order to Show Cause was returned to the Court on December 15, 2015 as undeliverable. Dkt. 9. The Clerk of the Court sent the Order to Show Cause to Plaintiff at his new address. *Id.* A new order was issued and Plaintiff was given additional time to respond to the Order to Show Cause – until December 31, 2015. Dkt. 10.

On December 29, 2015, Plaintiff filed two pleadings, the "Motion for Memo Rights" (Dkt. 11) and an Application for Court Appointed Counsel (Dkt. 12).

In his "Motion for Memo Rights" Plaintiff states that he goes "through suffering, pain and missing love [sic] one of my life. By raising my dog Chocalate [sic] Kirsh it was part of my life." Dkt. 11, at 2. He asserts that "Mister Ben assaulted my dog and put him to sleep." *Id.* He also reasserts that Mr. Gleason had access to his apartment and is "in possession of my valuable and collectible items which he took." *Id.* In his Application for Court Appointed Counsel (Dkt. 12), Plaintiff seeks an attorney to represent him.

Plaintiff does not address issues regarding jurisdiction in either pleading.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE-
2

1   A district court may deny leave to proceed *in forma pauperis* at the outset if it appears
2 from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v.*
3 *Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.
4 2d 1368, 1370 (9th Cir. 1987).

5   **Plaintiff's Application to Proceed IFP.**  Plaintiff states that he is incarcerated and has
6 no income or assets.  Dkt. 5.

7   **Review of the Complaint.**  The court has carefully reviewed the complaint in this matter.
8 Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and
9 has afforded plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*,
10 839 F.2d 621, 623 (9th Cir.1988).

11   The complaint names as Defendants two private individuals, Ben Gleason and Rob
12 Gleason, both of whom have Washington addresses, as does Plaintiff.  Dkt. 1-1.  The complaint
13 is based on three episodes.  *Id*.  First, a dispute involving Plaintiff's dog.  *Id*.  Plaintiff contends
14 that the dog was hit in the head by a board off the house he was renting from Defendants.  *Id*.
15 Defendant Rob Gleason allegedly took the dog to a veterinarian after Plaintiff put it outside to
16 clean up the dog's blood that was in the house.  *Id*.  The dog died.  *Id*.  Second, Plaintiff contends
17 that Rob Gleason was in possession of several of Plaintiff's personal items – items that had been
18 stolen.  *Id.*  Third, Rob Gleason allegedly propositioned Plaintiff's girlfriend.  *Id.*  Plaintiff
19 explains that he and his girlfriend fell behind in the rent.  *Id.*  He asserts that Rob Gleason
20 proposed that Plaintiff's girlfriend trade sexual favors for the rent.  *Id.*  She refused.  *Id.*  Plaintiff
21 does not refer to any particular statute or legal claim in his proposed complaint.  *Id.* Plaintiff
22 seeks "$30,000 for pain, suffering, punative [sic] damages and mental suffering."  *Id.*  He further
23 seeks a letter of apology to his girlfriend and other female friends who "are willing to come
24

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE-
3

forward and speak of the horrible and perverted actions of Rob Gleason." *Id.* Plaintiff also seeks "no retaliation." *Id.*

*Jurisdiction.* Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of the parties. 28 U.S.C. § 1331 and 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

There is no showing that the Court has subject matter jurisdiction in this case. Plaintiff does not identify a federal claim upon which he is seeking relief, so the Court does not have federal question jurisdiction. Further, the Plaintiff and Defendants all have Washington addresses, and so appear to be citizens of the State of Washington. Accordingly, the Court does not have diversity of citizenship subject matter jurisdiction. To the extent Plaintiff makes state law claims, the claims should also be dismissed without prejudice. Because the Court does not have original jurisdiction, it does not have supplemental jurisdiction over the state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 804-807 (9th Cir. 2001). The complaint is subject to dismissal without prejudice on the basis of jurisdiction alone. The Courts of Washington may have jurisdiction.

*Claims Regarding Plaintiff's Girlfriend.* Plaintiff raises an issue regarding events that occurred to his girlfriend. Although a non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE-
4

Further, generally, plaintiffs do not have standing to bring claims based on the rights of third parties.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975*); Portman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir.1993).

Plaintiff may not appear pro se for his girlfriend.  There is no showing that he can assert claims on behalf of his girlfriend.

**Decision on Application to Proceed IFP**.  Based upon the above analysis of the deficiencies in the complaint, the court should deny plaintiff's application to proceed *in forma pauperis*.

**Pending Motions**.  The pending motions - "Motion for Memo Rights" (Dkt. 11) and an Application for Court Appointed Counsel (Dkt. 12) - should be stricken as moot.

**IFP on Appeal.**  In the event that plaintiff appeals this order, and/or appeals dismissal of this case, IFP status should be denied by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*

**Future filings**.  Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the court.

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 5) is **DENIED;**
- This case is **DISMISSED WITHOUT PREJUDICE;**
- All pending motions **ARE STRICKEN;** and
- In the event that plaintiff appeals this order, IFP status is **DENIED** by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.* Other than a Notice of Appeal, any

1  filings in this case in the future will be docketed by the Clerk but not acted upon

2  by the court.

3  The Clerk is directed to send uncertified copies of this Order to all counsel of record and

4 to any party appearing *pro se* at said party's last known address.

5  Dated this 6th day of January, 2016.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE-
6